STATE OF NORTH CAROLINA v. FREDDIE LEE SELLERS

No. 7526SC81

(Filed 21 May 1975)

**Criminal Law §§ 5, 111— result of insanity acquittal — erroneous instructions**

In a felonious assault prosecution, an instruction given by the court at the jury's request as to the procedure for psychiatric treat-

State v. Sellers

ment and restraint in the event of a verdict of not guilty by reason of insanity was inaccurate and could have caused the jury to ignore strong evidence that defendant was not criminally responsible and return a guilty verdict because they believed that an insanity acquittal would free in a short time one who was dangerous to society.

APPEAL by defendant from *Falls, Judge.* Judgment entered October, 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 April 1975.

Defendant pled not guilty to the charge of feloniously assaulting Joan Williams with a screwdriver. The jury returned a verdict of guilty as charged, and from judgment imposing imprisonment, defendant appeals.

*Attorney General Edmisten by Associate Attorney Sandra M. King for the State.*

*Lawrence W. Hewitt for the defendant.*

CLARK, Judge.

The evidence for the State was more than adequate to support the verdict. The defendant offered evidence of insanity, including the testimony of Dr. Robert Rollins, psychiatrist for eight years at Dorothea Dix Hospital, to the effect that it was his opinion that defendant, at the time of the alleged offense, had illusions of persecution and was not able to distinguish right from wrong.

The jury retired after the charge of the court at 10:40 a.m. The record on appeal reveals that immediately after the noon recess the following occurred:

"COURT: Members of the Jury, I am assuming that the Foreman handed the Bailiff here the piece of paper with three questions. Anything I say to any one of you must be said to all. That is why I had to bring all of you together. The first question you ask is if the Defendant is found guilty, is there a provision in sentencing for psychiatric treatment. The second question, if found not guilty, is there a provision by the Court for psychiatric treatment; and the third is repeating the definition of legal insanity.

Now, in answer to your questions, the answer to the first two is yes. If found guilty, there is provision in the sentencing arranging for psychiatric treatment. It is recommendatory only.

The answer to number two is yes. If he is found not guilty by reason of insanity, there is a provision in the statute providing for his incarceration in the mental institution for ninety days and then he is renewed, his inquisition of lunacy is renewed every ninety days.

[The instruction of the trial court relative the jury request for a definition of legal insanity is not herein quoted since it does not affect our decision.]

. . . Now, have I answered your questions?

FOREMAN: Yes, sir.

COURT: All right. If there is anything else that I can help with, I am sitting here and am at your command. Just ask. You may return to the jury room."

The landmark case in North Carolina, relating to the propriety of giving, in a criminal case where the defense of insanity is raised, instructions to the jury as to procedures for restraint in the event of a verdict of not guilty by reason of insanity, is *State v. Bracy,* 215 N.C. 248, 1 S.E. 2d 891 (1939), which was followed by *State v. McSwain,* 15 N.C. App. 675, 190 S.E. 2d 682 (1972). It was held in both cases that the trial court's denial of the jury's request was not error where it asked for information as to whether the defendant would be hospitalized if a verdict of not guilty by reason of insanity was returned.

The *Bracy* and *McSwain* cases, *supra,* follow the majority view that the jury is not concerned with punishment or what happens to the accused after verdict, but is only concerned with matters bearing on guilt or innocence.

The question is discussed in Annot. 11 A.L.R. 3d 737 (1967) where it appears that the courts in several states conclude that the giving of an instruction of this kind is within the discretion of the trial judge; and that the courts in the District of Columbia hold that an instructon is not only proper but necessary. It further appears that those courts, which require or consider proper such instructions, hold that the instructions must be in proper form and must accurately describe the law governing what hospitalization will be given the defendant, and particular instructions given the jury have been approved or disapproved.

At the time of trial and judgment the procedure to be followed upon acquittal of a criminal defendant on grounds of mental illness was set out in G.S. 122-84.1, which became effective upon ratification on 12 April 1974. Briefly, and in part, this statute requires the court to hold the defendant in custody pending a hearing on the issue of whether the defendant is mentally ill and imminently dangerous to himself and others. Institutional restraint follows an affirmative finding. The instructions of the trial court do not accurately describe the procedure prescribed by applicable statutes in effect either at time of trial or after 12 April 1974.

It is noted that *Bracy* and *McSwain* hold that the denial of a jury request for such information is not error, not that it would be prejudicial error if the trial court did comply with the jury request, though certainly this may be implied. Nor do these cases necessarily control where the request for such information is made by either the State or the defendant. The circumstances of a particular case may require that such instructions be given by the trial court. The evidence may be such that giving the requested instruction would be consistent with the general rule, the purpose of which is to enable the jury to base its verdict on the evidence rather than to reach a desired result. However, in the case before us the jury returned a guilty verdict despite strong evidence that the defendant was not criminally responsible, including testimony of the victim that before and at the time of the attack the defendant was acting strangely and told her that she was putting "powders" on him and that the roots were after him.

We conclude that in light of the evidence in this case the instructions of the trial court made at the request of the jury were inaccurate and could have caused the jury to ignore the clear tilt of the evidentiary scales and to find the defendant guilty for the reason that an insanity acquittal would free in a short time one who was dangerous to society.

We order a

New trial.

Judges MORRIS and VAUGHN concur.