STATE OF NORTH CAROLINA v. SAMMY McMILLIAN

No. 7512SC686

(Filed 7 January 1976)

1. Criminal Law § 29— mental capacity to stand trial — determination by court

The mental capacity of defendant to plead to the bill of indictment and to aid in the preparation and conduct of his defense was a preliminary question to be decided by the trial judge prior to trial and in the absence of prospective jurors, and the court's findings in this case supported its conclusion that defendant was mentally competent to stand trial.

2. Criminal Law §§ 5, 111— result of insanity acquittal — erroneous instructions

The trial court's instructions as to procedures for restraint in the event of a verdict of not guilty by reason of insanity were inaccurate and could have caused the jury to find defendant guilty because they believed an insanity acquittal would free in a short time one who was dangerous to society.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 22 May 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 November 1975.

Before pleading to charges of (1) assault with intent to rape and (2) common law robbery the defendant made a motion for a hearing to determine the mental capacity of the defendant to stand trial and for a jury determination of this question. The trial court denied determination by a jury and conducted a hearing in which the defendant and two jail inmates testified. Defendant's testimony tended to show he had been confined in Dorothea Dix Hospital three times; that he knew that he was charged with attempted rape and robbery; that he grabbed the lady and started beating up on her, took her pocketbook and ran; that since his release from Dorothea Dix Hospital a year ago he had been taking medicine prescribed at the hos-

State v. McMillian

pital; that when he did not take the medicine his thinking got messed up and he could not work or eat. One of the jail inmates testified that on occasions the defendant would suddenly yell, dance and laugh; on several occasions he had threatened suicide but that he did understand the charges against him. The other jail inmate testified that he considered the defendant normal. The trial judge made findings of fact and concluded that the defendant had the mental capacity to plead to the charges and was able to stand trial.

The defendant pled not guilty and not guilty by reason of insanity to the charges. The evidence for the State tended to show that on 29 March 1974, Mary Taylor was employed by the Salvation Army in Fayetteville and that the defendant had been working there for several days in exchange for welfare assistance; that on this morning she unlocked the building and the defendant followed her inside where he grabbed her from behind and hit her on the head, knocking her to the floor. He fell on top of her and began clawing at her clothes; he rejected her offer of money and stated that he was going to have sexual intercourse with her. After a struggle in which the defendant beat her about the face and body, she managed to escape and run from the building. Defendant took her purse and fled.

The defendant testified relative to his treatment for mental illness at Dorothea Dix; he admitted that he had attacked Mary Taylor but denied that he intended to have sexual intercourse with her. Attorney Don Grimes testified that in 1973 when he was with the Public Defender's Office, he had represented the defendant on the charge of forcible trespass and that the defendant was "clearly the least in touch with reality of all the ones that I have represented." Two fellow jail inmates testified concerning defendant's erratic behavior. The jury returned verdicts of guilty of assault with intent to commit rape and misdemeanor larceny. From a judgment imposing concurrent prison sentences, the defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Ann Reed for the State.*

*Public Defender James D. Little for defendant.*

CLARK, Judge.

[1] The defendant assigns as error the ruling of the trial court that the defendant was mentally competent to stand trial and the ruling of the court that this determination be made by the trial judge rather than the jury.

A defendant's mental capacity to plead to a bill of indictment and to aid in the preparation and conduct of his defense is a preliminary question to be decided by the trial judge prior to the trial and in the absence of prospective jurors. *State v. Thompson*, 285 N.C. 181, 203 S.E. 2d 781 (1974). The test is whether the defendant has the capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner and to cooperate with his counsel to the end that any available defense may be interposed. *State v. Propst*, 274 N.C. 62, 161 S.E. 2d 560 (1968).

The facts found and the conclusions drawn from them by the trial judge are supported by the evidence. This assignment of error by the defendant is not sustained.

[2] The defendant assigns as error the following instructions given by the judge in his charge to the jury:

". . . Should you bring back a verdict that he was insane at the time, then there will be a further inquiry made by another jury as to whether or not he is insane at this time; that is, at the time the other jury is empaneled to determine his sanity. And depending on what that jury finds, he can be committed for up to but not to exceed ninety days, or not committed at all, if they find that he is sane."

The evidence does not reveal that either the State or the defendant requested that the jury be instructed relative to what happens to the accused if the jury found him not guilty by reason of insanity. The propriety of giving such an instruction was recently discussed by this Court in *State v. Sellers*, 26 N.C. App. 51, 214 S.E. 2d 790 (1975). In that case we pointed out that North Carolina follows the majority view that the jury is not concerned with punishment or what happens to the accused after verdict, but is only concerned with matters bearing on guilt or innocence.

While the circumstances of a particular case may justify, or require, that the trial court instruct the jury as to procedures for restraint in the event of a verdict of not guilty by reason of insanity, the instructions must be in proper form and must accurately describe the law governing these procedures for restraint. The foregoing instructions of the trial court do not accurately describe the procedures as set out in G.S. 122-84.1.

Sub judice, there was strong evidence that the defendant was not mentally competent. It appears from the record on appeal that after some deliberation, the jury returned to the courtroom and informed the court that the jury was divided on the question of whether the defendant was not guilty by reason of insanity. We conclude that in the light of the evidence in this case the instructions of the trial judge quoted above were inaccurate and could have caused the jury to find the defendant guilty for the reason that an insanity acquittal would free in a short time one who was dangerous to society.

New trial.

Judges VAUGHN and MARTIN concur.